UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:12-cr-139-T-23TGW

FRANCIS CRAIG REEDER

### UNITED STATES' MOTION FOR RULE TO SHOW CAUSE AND INSTALLMENT PAYMENT ORDER

The United States, pursuant to 18 U.S.C. §§ 3613 and 3664, moves for a rule to show cause and order requiring Francis Craig Reeder to make monthly installment payments toward his restitution debt. Since his termination of supervised release, Reeder has made one $300 payment. In support of its motion, the United States provides the following memorandum of law.

### MEMORANDUM OF LAW

#### I.    Procedural History

In September 2012, this Court entered judgment against Reeder to serve 40 months' imprisonment and pay $5,349,874 in restitution to dozens of corporate victims of his wire fraud scheme. Doc. 29. The judgment further required Reeder, upon release from custody, to pay restitution "equal to 10% of his net monthly income per month." *Id*. at 7. During his term of supervised release, Reeder consistently paid approximately $300 to $600 per month. Yet, since termination of supervised release in October 2017, Reeder made just one

$300 payment in June 2019.

Having noticed the cessation in payments, the United States made numerous attempts to enter into a repayment agreement with Reeder, but he refused to do so. *See* Composite Attachment A. Despite these efforts, Reeder has not even made another payment. As of today, February 25, 2020, Reeder still owes more than $5.3 million.

## II.    Argument

This Court is authorized to order installment payments under the Mandatory Victim Restitution Act ("MVRA"). 18 U.S.C. § 3664(f)(2). Specifically, section 3664(f)(2) states:

> the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of —
>
> (A)    the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B)    projected earnings and other income of the defendant; and
>
> (C)    any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2), incorporates by reference § 3572, which provides:

> (d)    Time, method of payment, and related items. — (1) A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately,

2

> unless, in the interest of justice, the court provides for payment
> on a date certain or in installments . . .
>
> (2)     If the judgment, or, in the case of a restitution order, the
> order, permits other than immediate payment, the length of
> time over which scheduled payments will be made . . . shall
> be the shortest time in which full payment can be reasonably
> made.

18 U.S.C. § 3572(d).

At sentencing, this Court set Reeder's monthly restitution payment to be paid at the rate of 10% of his net monthly income. Doc. 29 at 7. He has failed to comply with this Court's Order.

According to the Reeder, he earns a base pay of $55,000 and commissions ranging from $6,500 to $7,500 per month. His gross income is at least $133,000 per year. A conservative estimate of 10% of his net pay is $822 per month. Under the Federal Debt Collection Practices Act, the United States may garnish 25% of a defendant's disposable income, which—again, conservatively—would be a minimum of $2,055 per month. Based on his financial information, Reeder appears to be able to pay $1,300 per month toward his restitution obligation.

Accordingly, the United States requests that this Court (1) issue a rule to show cause why Reeder should not be held in contempt of court for his failure to comply with the payment schedule in his judgment; (2) enter an

3

installment payment order requiring Reeder to pay $1,300 per month to the Clerk of the Court until further notice; (3) enter an order requiring Reeder to notify the United States Attorney's Office and this Court of any material change in his economic circumstances that might affect his ability to pay restitution pursuant to 18 U.S.C. § 3664(k); and (4) enter an order requiring Reeder to submit a completed financial statement to the United States Attorney's Office within 14 days and annually until the debt expires.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:     *s/ Jillian M. Jewell*
        JILLIAN M. JEWELL
        Assistant United States Attorney
        Florida Bar No. 112974
        Financial Litigation Unit
        400 North Tampa Street, Suite 3200
        Tampa, FL 33602
        Telephone:   (813) 274-6065
        Facsimile:     (813) 301-3103
        E-mail: FLUDocket.mailbox@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 26, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and mailed a copy of the United States' Motion for Rule to Show Cause and Installment Payment Order to:

Francis Craig Reeder
Irving, TX 75038[1]

_s/ Jillian M. Jewell_
Assistant United States Attorney

---

[1] Pursuant to Federal Rule of Criminal Procedure 49.1(a)(5), the United States is not including the defendant's full home address. Should the Court need it, the United States will of course provide it.